# AFFIDAVIT

I, Michael A. Agostinho, having been duly sworn according to law, depose and state as follows:

1. I am a Special Agent with United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and am assigned to the office of the Resident Agent in Charge, Providence, RI. I have been an agent of HSI since 2008. As a Special Agent, my work concentrates on child exploitation cases. I have participated in numerous child exploitation investigations including those involving production, distribution and possession of child pornography as well as the enticement of minors to engage in illicit sexual activity and travelling interstate commerce to engage in illicit sexual activity. I am currently assigned to the ICAC Task Force in Rhode Island. Further, I am authorized and assigned to investigate violations of federal criminal law, including 18 U.S.C. § 2422 and 2423 et seq. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. This affidavit is submitted in support of:
   a. a criminal complaint and arrest warrant for ROBERT CONSORTI ("CONSORTI");
   b. a search warrant to search three phones seized from CONSORTI on October 17, 2024, specifically:

1

        i.      A Samsung Galaxy S24 Ultra with IMEI number 355545131745908

        ii.     A Samsung Galaxy S9+ with IMEI number 353522095254054

        iii.    A black Apple iPhone

3. As will be shown below, there is probable cause to believe that between approximately October 8, 2024 and on October17, 2024, CONSORTI used a facility and means of interstate or foreign commerce, to wit the internet and the chat application Whisper, to knowingly attempt to persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense in violation of 18 U.S.C. § 2422(b). In addition, there is probable cause to show that CONSORTI travelled in interstate commerce, to wit from Massachusetts to Rhode Island, with the intent to engage in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). (Collectively, the subject offenses). There is also probable cause to believe evidence of the above referenced offences will be located on the cell phones subject to the requested search warrants.

4. The statements in this Affidavit are made based upon my personal participation in this investigation, review of various documents, as well as information provided to me by other members of the ICAC Task Force, in particular Detective Corporal Candace Pacheco of the East Providence Police, and other law enforcement officers, my own training and expertise as a criminal investigator, as well as the training and expertise of other criminal investigators involved with

this investigation. I have set forth the facts that I believe establish probable cause to believe that CONSORTI violated the aforementioned criminal statutes.

## STATEMENT OF PROBABLE CAUSE

5.  In October 2024, in an undercover capacity, Detective Corporal Pacheco conducted a child exploitation investigation on Whisper, an anonymous online chat application. One of the features of Whisper is that it does not require a unique username, that is, multiple users can utilize the same username. This makes it difficult for law enforcement to identify users via legal process. Users can post messages locally or globally, and other users can respond either publicly through a reply to the post or privately through a direct message to the poster. Users can have blank profile, or an anonymous profile, or identify by age or sex, including a range. Users are not required to provide any identifying information in the profile but if the user identifies as below age 18, other users cannot send direct messages, they can only post in public "Whispers."

6.  On October 8, 2024, Detective Pacheco portrayed herself on Whisper as "Alex," a female in the age 15-17. For Alex's profile, Det. Pacheco used a stock image from Whisper depicting the inside of a record store, with no human being visible and posted "ASL" which stands for "Age, Sex, Location." Shortly thereafter a user utilizing the username "I will trade" and later identified as CONSORTI, responded publicly "If you want to DM you will need to update your profile to age 18+ Right now no one can chat with you." See screenshot below:



7. In response another user publicly posted "No it's just pedos like you that can't dm." See screenshot below:



8. Detective Pacheco reset the profile for Alex to over 18 years old and sent CONSORTI a direct message (DM) which stated "lol did it work". CONSORTI responded as shown in the below screenshot:

4



9. Over the following nine days, Det. Pacheco and CONSORTI engaged in conversation over both Whisper and text messages. I have not included every message between Det. Pacheco and CONSORTI in this affidavit, nor are my summaries of the conversations verbatim transcriptions of the conversations. They are sum and substance descriptions of portions of the voluminous conversations which took place.

10. CONSORTI described himself as a 53 year old man with a shaved head and goatee. CONSORTI sent a "selfie" of himself:



11. Det. Pacheco described "Alex" as a freshman and sent an "age regressed" photo of a female law enforcement officer designed to make her appear approximately 14 years old. CONSORTI stated that "my ex was a freshman when we started. Have you dated older men before?"



12. CONSORTI further stated that wanted an exclusive relationship to reduce the risks of STD (sexually transmitted disease) and "just got tested and am 100% clean."



13. CONSORTI told "Alex" he was emotionally supportive and nurturing and offered "little gifts." CONSORTI also asked if Alex like "holding hands and hugs and kisses?"



14. CONSORTI suggested switching the conversation to "Snap" another social media chat application which automatically deletes chats after 24 hours. Det. Pacheco stated that her Snap account was closed and provided a number for texting instead. Thereafter the conversation moved to text messages.

15. CONSORTI identified himself as "Bob from Whisper," stated he lives in Massachusetts, and asked how late school goes and asked about the bus to school. CONSORTI asked about whether Alex's parents knew she had boyfriends, and whether she dated older men before. "Alex" responded that her mother knew about her boyfriends in middle school but the "two older guys I been wit she obvi didn't know about. She'd kill me" CONSORTI responded "Understandable, my ex had to hide it from her parents too."



16. CONSORTI asked about "overnights" and whether Alex's "friends will cover for you or does your mom not check?"

17. CONSORTI offered to provide tutoring, but then quickly moved the conversations to sexual activity, offering massages and asking about oral pleasure and orgasms.

9



18. CONSORTI offered to get a hotel room or, in the alternative, to go out for an ice cream. CONSORTI asked "if you skipped school one day would you get in trouble?" "Alex" explained that she lived in Warwick. CONSORTI asked about sex toys, which he described as "It is almost as good as me lol…Works well for when you are apart and can't see each other for a while and that he "might have a little gift when I see you."



19. "Alex" responded that "Its ok that I'm gonna be 15? Was your ex my age too? CONSORTI responded "Almost 15? When's your birthday? And yes she was 15 when we first me. Detective Pacheco responded that her birthday is February 13 (which would make "Alex" a little over 14 ½ years old).



20. CONSORTI repeatedly suggested to meet in person to engage in sexual contact. CONSORTI stated he could book a hotel so Alex could "sneak away" He stated hotels offer day use from 10:00 am to 4:00 pm. "Alex" agreed she could come if she was home by 7. CONSORTI stated he would give Alex orgasms.



**21.**    CONSORTI asked "Alex" about tracking her menstrual cycle and told her he ordered the "rose" sex toy and would bring it "when we meet next week." CONSORTI sent a screenshot of the purchase.

13



**22.**   CONSORTI asked if "Alex" was on birth control and about going "raw or use a condom?"



14

23. CONSORTI stated he just was tested for STDs and sent a picture of his arm after a blood draw.





24. The texts continued for several days with CONSORTI repeatedly flattering

15

"Alex" discussing sexual activity he hoped to do with her, and offering "treats" such as muffins and baked bread. CONSORTI then suggested meeting Thursday (October 17, 2024). CONSORTI stated he identified a hotel with a day rental, a pool and hot tub and offered to pick up Alex at "9ish". Detective Pacheco agreed to "sneak away thurs." CONSORTI continued describing sexual activity and asking "Alex" about her masturbation techniques. CONSORTI described the sexual activity he intended to perform on Alex in graphic detail and described himself as a "BDSM Dom." Based on my training and experience I know that BDSM typically stands for "Bondage, Dominance, Submission and Sadomasochism" and that "Dom" stands for "Dominant. CONSORTI asked if Alex liked spanking or "being marked up with hickies" and state he has rope and handcuffs "but would much rather have you be able to move than be restrained."



25. CONSORTI requested Alex's address and discussed plans to meet on Thursday

16

October 17, 2024. CONSORTI sent a screenshot of the hotel reservation.



26. CONSORTI stated he would pick Alex up in Warwick and take her to the hotel in Middletown. They initially agreed on a pickup location at a baseball field in Warwick, but when CONSORTI arrived in the area, Detective Pacheco told him it was too cold and said she would meet him by the nearby McDonald's.

27. On October 17, 2024, other members of the ICAC Task Force and I were in location at the McDonald's parking lot on Post Road in Warwick. CONSORTI arrived at approximately 8:55 a.m. and was immediately arrested.

28. In CONSORTI's vehicle were the three cell phones described above. There is probable cause to search each of the phones for evidence of the subject offenses. In addition, also in the car were a backpack containing condoms, lubricant, Viagra, massage oils, and a vibrator. In addition, the sex toy that CONSORTI sent screen shots of was also found, still in its packaging.

17

29. CONSORTI was advised of his *Miranda* rights and invoked his right to remain silent and to counsel and was not questioned.

30. Records obtained from the Sonesta Select Newport Middletown Hotel confirmed CONSORTI reserve a "day use" room for October 17, 2024 in his own name.

31. Two of the phones were android phones and one was an Apple iPhone. I know based on my training and experience in that none of the phones were manufactured entirely in Rhode Island. The vast majority of mobile phones are manufactured in China or using parts shipped in interstate commerce. Accordingly, CONSORTI's cell phones travelled in interstate or foreign commerce at some point. Moreover, CONSORTI lives in Wilmington, Massachusetts and therefore travelled in interstate commerce. In addition, the internet generally, and WHISPER specifically, is a means on interstate commerce.

32. Under Rhode Island law, Third Degree Child Molestation Sexual Assault is a felony pursuant to Rhode Island General Law § 11-37-8.6. A person is guilty of Second Degree Child Molestation Sexual Assault if he or she engages in sexual penetration with another person over the age of fourteen (14) and under the age of consent, sixteen (16) years of age.

33. Based on the foregoing, I believe there is probable cause to find that between October 8, 2024, and October 17, 2024 ROBERT CONSORTI did knowingly use any facility or means of interstate or foreign commerce, to attempt to persuade, induce, entice, or coerce an individual who has not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal

18

offense, in violation of 18 U.S.C. § 2422(b); on October 17, 2024 did knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); and that evidence of said offenses is likely to be found on the three cell phones described herein.

MICHAEL AGOSTINHO
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone. **Sworn telephonically and signed electronically**

__October 17, 2024__
*Date*

*Judge's signature*

**Providence, Rhode Island**
*City and State*

**Patricia A. Sullivan, USMJ**
*Patricia A. Sullivan, U.S. Magistrate Judge*

19